**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PATRICK SULLIVAN,<br>Plaintiff,<br>v.<br>AT&T INC.,<br>Defendant. | Case No.:<br><br>Removed from the Worcester Superior Court, Case No. 248501342BCV |

## AT&T INC.'S NOTICE OF REMOVAL

Defendant AT&T Inc. removes this action currently pending in Worcester Superior Court to the United States District Court for the District of Massachusetts, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In addition, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## NATURE OF REMOVED ACTION

1) On March 30, 2024, AT&T announced that AT&T-specific data fields were contained in a data set released online approximately two weeks before. AT&T shared its determination with regulators and the public, took precautionary measures, and began notifying customers. As of November 15, 2024, over 90 related actions have been filed against AT&T in connection with the incident.

2) On April 2, 2024, one of the plaintiffs moved the Judicial Panel on Multidistrict Litigation ("JPML") to consolidate pending federal court actions in multidistrict litigation ("MDL") in the Northern District of Texas. *See In re AT&T*

*Inc. Customer Data Security Breach Litigation*, JPML No. 3114, ECF No. 1 (Apr. 2, 2024). On June 5, 2024, the JPML issued a Transfer Order consolidating actions relating to the data incident on the grounds that centralization would eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. The JPML assigned the consolidated proceeding to Judge Ada E. Brown in the Northern District of Texas and broadly noted that "any other related actions" are potential tag-along actions pursuant to the JPML Rules. *See In re AT&T Inc. Customer Data Security Breach Litigation*, JPML No. 3114, ECF No. 139 (June 5, 2024) (the "Texas MDL").

3) On October 31, 2024, Plaintiff Patrick Sullivan commenced an action against AT&T in the Worcester Superior Court. He brings claims for violations of federal and state statutes and breach of contract in connection with the incident. He seeks actual damages, treble damages, punitive damages, statutory damages, and "[a]ny other relief the court deems just and proper" (the "State Court Action"). Plaintiff's Complaint in the State Court Action is attached hereto as **Exhibit A**, and a true and correct copy of the state court docket and all process, pleadings, and orders served on AT&T in the State Court Action is attached hereto as **Exhibit B**.

**GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1331**

4) This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's case constitutes a "civil action[] arising under the Constitution, laws, or treatises of the United States." Plaintiff alleges that AT&T

violated two federal statutes: the Federal Communication Act, 47 U.S.C. § 222 and the Federal Trade Commission Act, 15 U.S.C. § 45. (Ex. A, Compl. at 4.)

5) Accordingly, removal is proper based on federal question jurisdiction. *See Williams v. Litton Loan Servicing*, 2011 WL 3585528, at *4 (D. Mass. Aug. 15, 2011) ("Because Williams's complaint asserts claims under two federal statutes, federal question jurisdiction existed over those claims pursuant to 28 U.S.C. § 1331 at the time of removal, and supplemental jurisdiction existed over Williams's state law claims pursuant to 28 U.S.C. § 1367(a).").

6) The Court also has supplemental jurisdiction over Plaintiff's remaining claims for breach of contract and violations of Massachusetts statutes. Indeed, supplemental jurisdiction under 28 U.S.C. § 1367 exists "over all state-law causes of action that derive from a common nucleus of operative fact or are such that they would ordinarily be expected to be tried in one judicial proceeding." *Lanciani v. Allstate Ins. Co.*, 2023 WL 6172457, at *3 (D. Mass. Sept. 22, 2023). Here, all of Plaintiff's causes of action "derive from the same transactions or occurrences" with AT&T—namely, AT&T's alleged failure to safeguard Plaintiff's personal information—"[t]hus, the state-law claims form part of the same case or controversy as the federal claims, over which the Court has original jurisdiction, and supplemental jurisdiction exists over them pursuant to Section 1367." *Id.* Accordingly, removal is also proper as to the state-law claims.

## GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1332(a)

7) The Court also has diversity jurisdiction over this case because: (1) there is complete diversity of citizenship between Plaintiff and AT&T; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

### A. Complete diversity exists.

8) Plaintiff is a citizen of the state of Massachusetts. (Ex. A, Compl. at 2.)

9) A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." AT&T is incorporated in Delaware and has its principal place of business in Texas. Thus, AT&T is a citizen of Delaware and Texas.

10) Thus, there is complete diversity between Plaintiff and AT&T pursuant to 28 U.S.C. 1332(a)(1).

### B. The amount in controversy is satisfied.

11) Although AT&T denies Plaintiff's allegations—and fully reserves its rights to contest their adequacy—Plaintiff's request for actual damages, statutory damages, treble damages, punitive damages, and "any other relief" easily exceeds 28 U.S.C. § 1332(a)'s amount-in-controversy requirement.

12) Although Plaintiff states that he is requesting $56,2000, he further states that he seeks "[a]ny other relief the court deems just and proper." (Ex. A, Compl. at 6.) Thus, Plaintiff is not intending to limit his damages to this amount.

And, in fact, the allegations in Plaintiff's Complaint demonstrate that he is placing more than $75,000 in controversy.

13) An action may be removed if the defendant establishes, consistent with the pleading requirements of Civil Rule 8, that the aggregate amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). When a defendant seeks to remove an action to federal court on grounds of diversity jurisdiction, "the defendant's amount-in-controversy allegation should be accepted [as true] when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87.

14) To begin, Plaintiff seeks $4,050 in actual damages for "time spent drafting, notarizing, and mailing" notices to AT&T and another $12,150 for willful violations of MGL Chapter 93A. (Ex. A, Compl. at 5.)

15) Plaintiff further seeks "[a]dditional damages for each statutory breach at $10,000 each" for violations of Massachusetts statutes. (Ex. A, Compl. at 5.) Plaintiff alleges he is entitled to damages for the following four alleged statutory breaches: failure to secure Plaintiff's data, failure to provide prompt notice of a breach, insufficient destruction of data, and continued retention of sensitive information without safeguards. (Ex. A, Compl. at 4.) Thus, on the face of Plaintiff's Complaint, Plaintiff has placed another $40,000 in damages in controversy.

16) Plaintiff also seeks "$10,000 per violation" of 47 U.S.C. § 222 and alleges that the data incident violated this federal statute. (Ex. A, Compl. at 4.) Thus, Plaintiff is placing at minimum another $10,000 in damages in controversy.

17) Finally, Plaintiff seeks "$10,000 per instance" of violation of 15 U.S.C. § 45. (Ex. A, Compl. at 4.) Plaintiff alleges AT&T violated this statute by maintaining "inadequate data security measures" and providing "deceptive responses." (Ex. A, Compl. at 4.) Thus, Plaintiff is placing, at minimum, another $20,000 in controversy.

18) Based on the foregoing allegations in Plaintiff's Complaint, Plaintiff has placed at minimum $86,200 in controversy. It is of no moment whether Plaintiff will actually be able to recover any of these amounts. Indeed, "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009).

19) Moreover, Plaintiff has already recognized that his claims exceed the jurisdictional minimum. In the May 16, 2024 demand letter cited in Plaintiff's Complaint, Plaintiff sought $300,000 in damages for the same claims brought in his Complaint. Thus, Plaintiff has placed more than $75,000 in controversy. *See Carrozza v. CVS Pharmacy, Inc.*, 992 F.3d 44, 52 (1st Cir. 2021) (holding that the amount in controversy was satisfied based on the amount requested in plaintiffs' Chapter 93A pre-suit demand letter).

20) Therefore, there is complete diversity between Plaintiff and AT&T, and the amount in controversy exceeds $75,000. Thus, this Court has diversity jurisdiction and removal is proper pursuant to 28 U.S.C. § 1332(a).

## VENUE IS PROPER

21) This Court is in the judicial district and division embracing the place where Plaintiff filed the State Court Action and where it is pending. Specifically, the United States District Court for the District of Massachusetts embraces Worcester County Court, Massachusetts. *See* 28 U.S.C. §§ 1441, 1446.

## TIMELINESS OF REMOVAL

22) Plaintiff filed his Complaint on October 31, 2024.

23) AT&T filed this Notice less than thirty days later. Thus, removal is timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

## NOTICE

As required by 28 U.S.C. § 1446(d), AT&T is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Worcester County Court.

Dated: November 29, 2024 Respectfully submitted,

By: *James Rollinson*
James Rollinson (BBO# 649407)
BAKER HOSTETLER LLP
Key Tower

127 Public Square, Suite 2000
Cleveland, OH 44114-1214
T:: 216.621.0200
F:: 216.696.0740
E:jrollinson@bakerlaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2024, a true and correct copy of the foregoing document was served via email and U.S. mail upon the following:

Patrick George Sullivan
47 Ashby State Road, Suite 101H
Fitchburg, MA 01420
patsgothedistance@gmail.com

*/s/James Rollinson*
*Counsel for AT&T*